Filed 8/4/14  Hahn v. Dibble CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DAVID HAHN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GRACIELA DIBBLE,<br><br>    Defendant and Appellant. | A138744<br><br>(San Mateo County<br>Super. Ct. No. PRO115246) |

Graciela Dibble, proceeding in propria persona, appeals after the trial court entered an order removing Dibble as the trustee of a trust and surcharging her beneficial interest in the trust.  Dibble previously filed an appeal of the same order, and this court dismissed that appeal because Dibble did not pay the required appellate court filing fee.  We conclude the dismissal of Dibble's prior appeal bars her from taking another appeal from the same order.  We therefore dismiss the present appeal.

## I.  BACKGROUND

The underlying litigation concerns the Juliana Cuevas Living Trust (Cuevas trust).  Juliana Cuevas, who died in 2005, was Dibble's mother.  David Hahn, the respondent in this appeal, is the bankruptcy trustee for the bankruptcy estate of Ruben Cuevas, Dibble's brother.  In response to a petition filed by Hahn, and after conducting a trial at which Dibble testified, the trial court found Dibble failed to fulfill her duties as trustee of the Cuevas trust because she failed to sell a residence owned by the Cuevas trust and to distribute the proceeds to the trust beneficiaries (Dibble, Ruben Cuevas, and another

1

sibling) as required by the Cuevas trust. The court found Dibble improperly transferred title to the residence from the Cuevas trust to a different trust that Dibble controlled.

In an order entered on December 26, 2012 (the December 2012 order), the court ordered Dibble permanently removed as trustee of the Cuevas trust, surcharged Dibble's beneficial interest in the Cuevas trust in the amount of $294,600, and appointed a different trustee to sell the residence and distribute the proceeds.

On February 13, 2013, Dibble filed a notice of appeal from the December 2012 order, initiating her first appeal from that order (No. A137884). On March 15, 2013, this court dismissed that appeal because Dibble failed to pay the statutory appellate court filing fee (see Gov. Code, §§ 68926, subd. (a)(1), 68926.1, subd. (b)) as required by California Rules of Court,[1] rule 8.100(b)(1), after this court gave her notice of the failure pursuant to rule 8.100(c)(1).[2] This court issued its remittitur on May 15, 2013; the superior court clerk filed the remittitur on May 22, 2013.

On May 23, 2013, Dibble filed another notice of appeal from the December 2012 order, initiating the present appeal (No. A138744).

## II. DISCUSSION

In his respondent's brief, Hahn argues that, because this court dismissed Dibble's prior appeal of the December 2012 order, that order is now final and the present appeal must be dismissed. We agree.

Code of Civil Procedure section 913 states: "The dismissal of an appeal shall be with prejudice to the right to file another appeal within the time permitted, unless the dismissal is expressly made without prejudice to another appeal." This court's dismissal of Dibble's first appeal of the December 2012 order did not expressly provide it was without prejudice to a subsequent appeal. Accordingly, the December 2012 order became final and binding, and Dibble cannot now take another appeal from that order.

---

[1] All rule references are to the California Rules of Court.

[2] The record reflects that, in the first appeal, Dibble cured a separate default arising from her failure to pay the $100 statutory deposit to the superior court clerk (see Gov. Code, § 68926.1, subd. (a)(1)) as required by rule 8.100(b)(2).

2

(*Property Owners of Whispering Palms, Inc. v. Newport Pacific, Inc.* (2005) 132 Cal.App.4th 666, 677 [first appeal of trial court judgment was dismissed after appellant failed to file opening brief; because dismissal of first appeal did not expressly provide it was without prejudice to a later appeal, appellant could not take another appeal from that judgment]; *Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1011, 1017–1018.)

## III.  DISPOSITION

The appeal is dismissed.  Hahn shall recover his costs on appeal.

_____
Becton, J.[*]


We concur:


_____
Dondero, Acting P.J.


_____
Banke, J.


A138744

_____

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4